IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-589 (3) |
| | § | |
| ANDREW JACKSON, | § | |
| Defendant. | § | |

## ORDER DENYING LETTER MOTION FOR TRANSCRIPT

Pending before the Court is a letter motion from Defendant Andrew Jackson ("Jackson"), received by the Clerk on January 28, 2008. (D.E. 95.) In his brief motion, Jackson requests that he be given a copy of his sentencing transcript, presumably at government expense. He explains that he wants the transcript in order "to verify to the degree how my sentencing is running concurrent." (D.E. 97 at 1.) He does not provide any additional information as to why he needs the transcript.

Assuming that Jackson could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Jackson was sentenced on September 6, 2007. (D.E. 83.) Judgment of conviction was entered against him on September 10, 2007. (D.E. 84). He did not appeal and has not yet filed any post-conviction motions. Thus, he has no pending suit before the Court. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474

---

[1] Jackson has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Jackson is, in fact, indigent.

1

F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Jackson is seeking his sentencing transcript at government expense, his motion is DENIED. The Court directs the Clerk, however, to provide Jackson with a copy of the judgment in his case (D.E. 84), as well as a copy of the sentencing minutes (D.E. 83), both of which contain the information he seeks regarding his sentence. Additionally, if Jackson wants to obtain a copy of the sentencing transcript at his own expense, he may contact the Clerk. To that end, the Clerk is further directed to provide Jackson with instructions as to how to order transcripts.

It is so ORDERED this 30th day of January, 2008.

_____
Janis Graham Jack
United States District Judge