UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-589-3 |
| | § | |
| ANDREW JACKSON | § | |

## ORDER

Before the Court is Defendant Andrew Jackson's (Jackson) Rule 60(b) motion in which he seeks modification of his sentence based upon the alleged ineffective assistance of his counsel. D.E. 107. Jackson also filed a motion for retroactive modification of his sentence pursuant to 18 U.S.C. § 3582(c), and a motion requesting information as to the status of his § 3582(c) motion. D.E. 108, 109. Jackson's motion for sentence reduction (D.E. 108) is under consideration by the Court.

Jackson's Rule 60(b) motion (D.E. 107) may properly be construed as a motion for relief under 28 U.S.C. § 2255. Pursuant to the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375, 383 (2003), however, the undersigned recognizes that a post-conviction motion should be recharacterized as a § 2255 motion only after adequate notice and warning to the defendant as to the consequences of recharacterization.

Jackson was sentenced on September 6, 2007, to serve 151 months imprisonment in each of two counts of drug trafficking to be run concurrently. Jackson pled guilty to possession with intent to distribute more than 5 kilograms of cocaine and possession with intent to distribute more than 1000 kilograms of marijuana. D.E. 84. He did not appeal. The time to file his notice of appeal expired 14 days after his judgment was docketed on September 10, 2007. He may no

longer appeal his sentence. However, he may file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## *CASTRO* WARNING

**Jackson is hereby advised that he must notify this Court if he wishes his motion to be characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255**. He is further advised that if the motion is so characterized, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. *See* 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion, Jackson will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1] 28 U.S.C. § 2244(b)(3)(A).

In light of the foregoing, if Jackson wishes to have his motion construed under § 2255, he must affirmatively notify the Court within 30 days of this order. He should supplement his motion with all grounds he wishes to assert (or risk waiving them), or he may voluntarily withdraw his motion within 30 days of the entry of this Order. If he fails to affirmatively notify the Court of his desire to proceed as a § 2255, this Court will dismiss his current filing. This

---

[1] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Court expresses no opinion at this time as to the validity of Jackson's potential claim or its timeliness. *See* 28 U.S.C. § 2255(f) (statutes of limitations).

## CONCLUSION

As discussed above, **Jackson is advised that he must notify this Court within thirty (30) days of this Order if he wishes to proceed in a § 2255 motion and if he does, he should supplement his filing to include all claims that he wishes to raise or risk have them barred in any subsequent proceeding, or he may withdraw his motion. If Jackson does not respond to this Order, the Court will dismiss his motion, D.E. 107.**

Jackson's motion for the status (D.E. 109) of his motion for sentence reduction is granted. The motion for sentence reduction (D.E. 108) is under consideration.

The Clerk is instructed to furnish Jackson with the form to file a motion pursuant to 28 U.S.C. § 2255.

SIGNED and ORDERED this 4th day of February, 2015.

_____
Janis Graham Jack
Senior United States District Judge